UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCO B. HEYWARD,

    Plaintiff,

    v.

24 HOURS FITNESS et al.,

    Defendants.

Case No. 15-cv-04799-JCS

**ORDER REVIEWING COMPLAINT UNDER 28 U.S.C. § 1915**

## I. INTRODUCTION

Plaintiff Marco Heyward filed this pro se action against Defendants 24 Hour Fitness and manager Tyler Eklund, asserting civil rights and other claims under federal and state law, based on an incident that occurred on February 24, 2015 at a 24 Hour Fitness in Hayward, California, where Plaintiff was a member. Having previously granted Plaintiff's Application to Proceed in Forma Pauperis, the Court now considers whether Plaintiff's Complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an in forma pauperis complaint that is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. *See Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court dismisses Plaintiff's complaint with leave to amend and **vacates** the Case Management Conference scheduled for **January 15, 2016 at 2:00 pm**.

## II. THE COMPLAINT

Plaintiff alleges that on February 24, 2015, he was in the swimming pool area of the 24 Hour Fitness located at 24727 Amador Street, Hayward California, where he was sitting on a

bench watching his 12-year old son swimming in the pool. Complaint at 1. According to Plaintiff, he was "coaching his son in a normal tone of voice" on swimming techniques when Club Manager Tyler Eklund approached him "in an aggressive manner demanding that he need[ed] to be quiet because he was disturbing other patrons." *Id*. Plaintiff asked Eklund why he was being singled out, "explain[ing] to Mr. Eklund that everyone inside the pool area, sauna, Jacuzzi area, and steam room [were] having conversations and point[ing] out that several groups of patrons were very loud." *Id.* Plaintiff alleges that Mr. Eklund told him to "SHUT UP OR LEAVE" and that when Plaintiff told him he had been a member of the club for several years, Eklund told him he would call the police and "was demeaning and racially insensitive." *Id*. at 2.

Subsequently, while still sitting by the swimming pool, Plaintiff was approached by Officers McCrea and Wright. *Id*. The officers asked him to follow them outside and so Plaintiff instructed his son to get out of the pool. *Id*. As Plaintiff was following his son to the locker room he explained to the officers that he had a club membership and had not broken any laws; he also explained that he needed to accompany his son into the locker room because he was "teaching his son locker room etiquette due to sexual predators." *Id*. The officers did not permit Plaintiff to accompany his son into the locker room, however, instead "aggressively detain[ing] him without probable cause," placing handcuffs on him, and informing him he was under arrest. *Id*. According to Plaintiff, he was later "released because Officers did not have probable cause to search, seize, and detain Plaintiff and son." *Id*.

Plaintiff attached to his complaint a Hayward Police Department Disposition Report ("Report") completed by Officer Matthew McCrea, dated February 24, 2015. The Report reflects that the police were called by Tyler Eklund, whose race is listed as "White-European," and that the "subject" was Marco Barren Heyward, whose race is described as "Black." In the narrative section of the Police Report, it is stated that Officers Wright and McCrea "grabbed" Plaintiff's arms as he attempted to follow his son to the locker room and that they placed him in handcuffs. It further states that they placed Plaintiff in the back seat of their patrol car until his son came out of the locker room, at which point the officers released him and told him not to return to the club and that his membership was being cancelled.

Plaintiff also attached to his complaint documents showing that he was a member of the 24 Hour Fitness where the events that are the basis for Plaintiff's claims occurred.

Plaintiff alleges that Defendants violated his civil rights under 42 U.S.C. §§ 1983 & 1985, and the Unruh Civil Rights Act, as well as several other provisions of the California Civil Code.[1] Complaint at 3. He also asserts three formal causes of action. First, he asserts a claim under 42 U.S.C. § 1985 based on the allegation that Defendants conspired to deprive him of equal protection of the law by engaging in racial profiling. Second, Plaintiff asserts a claim for conspiracy, alleging that Defendants conspired to "falsely criminalize" Plaintiff. Third, Plaintiff asserts that Defendants, in their individual capacity or in conspiracy, engaged in "racist malicious acts" that constituted an intentional tort that caused Plaintiff to experience "emotional distress and diminished quality of life, and diminished professional reputation."

## III.  ANALYSIS

### A.  Legal Standard Under 28 U.S.C. § 1915

If a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is permitted to proceed in forma pauperis, the court must undergo a preliminary screening of the complaint and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief, Plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing the sufficiency of the Complaint, the Court takes "all allegations of material fact as true and construe(s) them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). The "tenet that a court must accept a

---

[1] In particular, Plaintiff cites to California Civil Code Sections 51.5, 51.6, 51.7, 51.9, 52 and 54. In *Stamps v. Superior Court*, 136 Cal. App. 4th 1441, 1450 (2006) the court found that the Unruh Civil Rights Act, which is aimed at business establishments, comprises only section 51. On the other hand, the Ralph Act, found in Cal. Civ. Code section 51.7, "makes unlawful any acts of violence, or intimidation by threat of violence, directed against a person because of his or her actual or perceived political affiliation. . . ." *Kenney v. City of San Diego*, No. 13CV248-WQH-DHB, 2013 WL 5346813, at *3 (S.D. Cal. Sept. 20, 2013) (quoting *Bender v. Cty. of Los Angeles*, 217 Cal. App. 4th 968, 975 n. 2 (2013)).

complaint's allegations as true," however, "is inapplicable to . . . mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 547). Complaints filed by *pro se* litigants must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B. Claims

As a preliminary matter, the Court notes that although Plaintiff named only two defendants in the caption of his complaint (24 Hour Fitness and Tyler Eklund), in the body of the Complaint he also describes the Hayward Police Department, Officer Wright and Officer McCrea as "defendants." *See* Complaint at 2, ¶ I. To the extent Plaintiff may seek to amend his complaint to formally name the officers and the Hayward Police Department as defendants, the Court will address the sufficiency of his claims not only as to the defendants named in the caption but also as to Officers Wright and McCrea and the Hayward Police Department. In his amended complaint, Plaintiff should include all individuals and entities he seeks to name as defendants in the caption of his complaint. Plaintiff should also specifically identify the defendants he seeks to sue as to each of the claims he asserts and should list each cause of action in a separate claim (e.g., if Plaintiff seeks to assert a claim under the Unruh Civil Rights Act he should list the alleged violation as a separate cause of action).

#### 1. 42 U.S.C. § 1983

Section 1983 creates a cause of action against a "person who, under color of any [state law], subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "The term 'persons' under section 1983 encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities." *See Garcia v. City of Merced*, 637 F. Supp. 2d 731, 760 (E.D. Cal. 2008) (holding that "the term 'persons' does not include municipal departments such as a police department") (citing *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995–996 (N.D.Cal.1996). "Section 1983 does not create

4

any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff bringing a claim under § 1983 must show that "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id.* (citation omitted).

Because the Hayward Police Department is not a "person" within the meaning of Section 1983, it is not a proper defendant as to Plaintiff's Section 1983 claim. Therefore, to the extent Plaintiff intended to assert his Section 1983 claim against the Hayward Police Department, the claim is dismissed. Plaintiff will not be permitted to amend to assert this claim against the Hayward Police Department because this deficiency cannot be cured by amendment. Below, the Court addresses whether Plaintiff has stated a claim under Section 1983 as to Officers Wright and McCrea, club manager Eklund or 24 Hour Fitness.

Although Plaintiff does not specifically identify the constitutional or statutory right upon which his Section 1983 claim is based, he alleges that Officers McCrea and Wright arrested him without probable cause. Therefore, the Court infers that Plaintiff seeks to assert his Section 1983 claim based on alleged violations of his rights under the Fourth Amendment of the U.S. Constitution. *See Pierce v. Multnomah Cty., Or.*, 76 F.3d 1032, 1040 (9th Cir. 1996) (holding in Section 1983 action that "the Fourth Amendment demands that the seizure be supported by probable cause when that detention rises to the level of an arrest"). The facts alleged in Plaintiff's complaint are sufficient, at the pleading stage of the case, to demonstrate a violation of Plaintiff's constitutional rights. In particular, he has alleged that his rights under the Fourth Amendment were violated when he was arrested by Officers Wright and McCrea where he had engaged in no illegal conduct and there was no probable cause to support the arrest.

The remaining question is whether the officers, club manager or 24 Hour Fitness meet the first requirement for a Section 1983 claim, namely, that a defendant must have acted under color of state law (the "state action requirement"). There is no question that Officers Wright and McCrea were acting under color of state law when they arrested Plaintiff. *Abdi v. Lovell*, No. CV-08-0321-PHX-GMS, 2009 WL 976503, at *3 (D. Ariz. Apr. 9, 2009) ("A police officer or other

state actor performing official acts, even if illegal or unauthorized by state law, is operating under color of state law") (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Therefore, to the extent Plaintiff is seeking to assert his Section 1983 claim against those officers, the claim is adequately alleged.[2]

On the other hand, with respect to Eklund and 24 Hour Fitness, the Court finds that Plaintiff fails to allege state action. The state action requirement is met where a private party "is a willful participant in joint action with the State or its agents," for example, where there is a conspiracy between a private party and the police. *See Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983) (citations and internal quotations omitted). Thus, the joint action requirement may be met "if the police condone activities by private parties that they know to be illegal." *Peng v. Mei Chin Penghu*, 335 F.3d 970, 980 (9th Cir. 2003) (citations and internal quotations omitted). It may also be met where a private party has some control over a police officer's decision to arrest a person. *King v. Massarweh*, 782 F.2d 825, 828–29 (9th Cir.1986). However, "a single request to the police, without more, [is] not sufficient to establish a claim against a private actor pursuant to § 1983." *Penghu*, 335 F.3d at 980; *see also Kerner v. Mendez*, No. C-08-04528 EDL, 2009 WL 1226998, at *2 (N.D. Cal. May 1, 2009) (holding that is well-established in the Ninth Circuit that a private individual or entity generally does not act under color of state law when it complains to the police or even seeks the arrest of an individual and citing cases).

Here, Plaintiff has not alleged any facts that would support an inference that the club manager conspired with Officers Wright and McCrea to deprive Plaintiff of his constitutional rights when he called the police. There are no facts that suggest either Eklund or 24 Hour Fitness controlled the officers' actions when they arrested Plaintiff; nor does Plaintiff allege any facts suggesting that the officers knowingly condoned illegal activity by Eklund or 24 Hour Fitness. Even if the arrest would not have occurred but for the fact that Eklund called the police to complain about Plaintiff, such allegations, on their own, are not sufficient to convert Eklund or 24

---

[2] As noted above, however, if Plaintiff is seeking to assert his Section 1983 claim against Officers Wright and McCrea, he needs to make this clear by adding the officers to the caption in his amended complaint, including a separate cause of action for his Section 1983 claim, and clearly stating that he is asserting that claim against these particular individuals.

6

1    Hour into state actors.   Therefore, Plaintiff's Section 1983 claim fails as to Defendants Eklund
2    and 24 Hour Fitness.  Plaintiff will be given leave to amend to address this deficiency as to those
3    defendants.

### 2. 42 U.S.C. § 1985

Section 1985(3), "prohibits two or more persons from conspiring to deprive any person or class of persons of the equal protection of the law." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing 42 U.S.C. ss 1985(3)).  To prevail on a claim under § 1985(3), "a plaintiff must allege and prove four elements:(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp*., 978 F.2d 1529, 1536 (9th Cir. 1992) (citing *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828-29 (1983)).

To state a claim under Section 1985, a plaintiff must allege specific facts demonstrating the existence of a conspiracy.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988)(citation omitted).   "A mere allegation of conspiracy without factual specificity is insufficient." *Id*.  In addition, the second element requires that a plaintiff demonstrate the defendant's conduct was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Sever v. Alaska Pulp Corp., 978 F.2d at 1536 (quoting *Griffith v. Breckenridge*, 403 U.S. 88 (1971)).   "Racial profiling can constitute a deprivation of a citizen's right to equal protection under the law." *James v. City of Seattle*, No. C10-1612JLR, 2011 WL 6150567, at *13 (W.D. Wash. Dec. 12, 2011) (citing U.S. Const. amend. XIV; *Whren v. United States*, 517 U.S. 806, 813 (1996) (holding that claims asserting selective enforcement of a law on the basis of race are properly brought under the Equal Protection Clause, and that the right to equal protection may be violated even if the actions of the police are acceptable under the Fourth Amendment)).

Here, Plaintiff has not alleged sufficient facts to show that any Defendant's conduct was

motivated by racial animus.  Plaintiff alleges no facts that would support an inference that the officers' conduct was racially motivated, and although Eklund is alleged to have been "racially insensitive," Plaintiff does not provide any facts in support of this conclusory allegation.   *See Town v. Montana,* No. CV 09-07-H-DWM-RKS, 2010 WL 49812, at *9 (D. Mont. Jan. 5, 2010) (finding that plaintiff failed to state a claim under Section 1985(3) where complaint contained only conclusory allegationsof racial animus) (citing *Karim–Panahi v. L.A. Police Dept*., 839 F.2d 621, 626 (9th Cir.1988)).  Further, although he alleges he was singled out by Eklund and that other patrons were also being noisy in the swimming area, Plaintiff includes no allegations as to the race of those other patrons and thus, the allegations do not support a reasonable inference that he was singled out on the basis of race.   The claim is also deficient as to Eklund because, as discussed above, Plaintiff has not alleged facts showing that Eklund conspired with anyone to deprive Plaintiff of his rights. For the same reasons, the claim fails as to 24 Hour Fitness because the only basis alleged in the complaint for liability on the part of that defendant is Eklund's conduct. [3] Therefore, Plaintiff's claim under Section 1985(3) is not adequately alleged as to any defendant and is dismissed.   Plaintiff will be permitted to amend his claim under Section 1985(3) as to all defendants except the Hayward Police Department, which is not a "person" under Section 1985 and therefore is not a proper defendant under that section.  *See Garcia v. City of Merced*, 637 F. Supp. 2d 731, 760 (E.D. Cal. 2008).

### 3. Unruh Civil Rights Act

Under the Unruh Civil Rights Act, all citizens are entitled to "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever" regardless of their race.  Cal. Civ. Cod. § 51(b).  Claims under the Unruh Act require a showing of intentional discrimination.  *Henry v. Bank of Am. Corp*., No. C 09-628

---

[3] The Court notes that Plaintiff also does not specifically allege that he is a member of a protected class in his Complaint.  The attached police report, however, reflects that Plaintiff is African-American.  Construing the Complaint liberally, and in light of the fact that the Court may consider documents attached to the Complaint in evaluating the sufficiency of Plaintiff's claims, the Court construes the Complaint as alleging that Plaintiff is African-American.  Nonetheless, if Plaintiff seeks to assert civil rights claims in his amended complaint, he should include specific allegations as to his race in his complaint.

CRB, 2010 WL 431969, at *6 (N.D. Cal. Feb. 2, 2010). As discussed above, however, Plaintiff has not alleged any specific facts showing racial animus. The bare fact that Plaintiff is African-American is not sufficient to show racial animus. Therefore, this claim fails as to all defendants. Plaintiff will be permitted to amend this claim. [4]

####    4.    Conspiracy

"The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 511 (1994) (citations omitted). "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Id*. Assuming conspiracy may be asserted as a stand-alone claim, "there must be some factual content pled to support the conspiracy claim." *See Yagman v. Galipo*, 2013 WL 141785, at *13 (C.D.Cal., Jan. 7, 2013). As discussed above, Plaintiff has not identified any specific facts to support this claim.

####    5.    Intentional Tort

Plaintiff's claim for "intentional tort" fails as to all defendants because he has not specifically identified what tort was allegedly committed by any individual or entity. *See Heyward v. California Highway Patrol,* Case No. C-14-03583 DMR, Docket No. 5 (Aug. 19, 2014) (dismissing claim for "intentional tort" under 28 U.S.C. § 1915 on the basis that no particular tort was identified in the complaint). Further, to the extent Plaintiff seeks to assert a tort claim against the officers, he has failed to allege that he has complied with the claims presentation requirements of the California Tort Claims Act, which requires that a person who seeks to assert a tort claim against a California public entity or its employees must first present the claim to the public entity. Cal. Gov. Code §§ 945.4 and 950.6. Therefore, this claim is dismissed

---

[4] To the extent Plaintiff is seeking to assert claims under California Civil Code sections 51.5 and 51.7, which also require Plaintiff to demonstrate racial animus, those claims fail for the same reason. Other sections of the California Civil Code referenced by Plaintiff – sections 51.6 (prohibiting certain discrimination based on gender), 51.9 (prohibiting sexual harassment in certain contexts) and 54 (prohibiting discrimination based on disability) – appear to have no bearing on the facts of this case.

with leave to amend.

## IV. CONCLUSION

For the reasons stated above, the Complaint is dismissed under 28 U.S.C. § 1915. Plaintiff shall have leave to amend to add Officers Wright and McCrea as defendants, if he chooses, and to address the deficiencies identified above as to his claims.

**IT IS SO ORDERED.**

Dated: December 21, 2105

_____
JOSEPH C. SPERO
Chief Magistrate Judge