1
2
3
4          UNITED STATES DISTRICT COURT
5         NORTHERN DISTRICT OF CALIFORNIA
6

| | |
|---|---|
| MARCO B. HEYWARD,<br><br>Plaintiff,<br><br>v.<br><br>24 HOURS FITNESS, et al.,<br><br>Defendants. | Case No.  15-cv-04799 JCS<br>Related Case. No. 15-cv-04802 JCS<br><br>**ORDER REVIEWING COMPLAINT UNDER 28 U.S.C. § 1915, SETTING CASE MANAGEMENT CONFERENCE AND ORDERING SERVICE BY UNITED STATES MARSHAL** |

7
8
9
10
11
12

**United States District Court**
**Northern District of California**

13    **I.      INTRODUCTION**

14            Plaintiff Marco Heyward asserts civil rights claims based on events that occurred at a 24

15    Hour Fitness located in Hayward, California on February 24, 2015.  Plaintiff seeks to proceed in

16    forma pauperis and therefore, the Court is required to review his complaint pursuant to 28 U.S.C.

17    § 1915(e)(2)(B).  On December 21, 2015, the undersigned reviewed the original complaint in this

18    action, which named as Defendants 24 Hour Fitness and club manager Tyler Eklund, dismissing

19    the complaint with leave to amend.   Presently before the Court is Plaintiff's amended complaint,

20    which the Court again reviews to determine the sufficiency of Plaintiff's claims.  The claims

21    asserted in the instant action are only against Defendants 24 Hour Fitness and manager Tyler

22    Eklund.  In the related case, Plaintiff asserts claims against the Hayward Police Department and

23    two of its Officers based on the same events as are at issue in the instant action.  Because Judge

24    Ryu has already reviewed Plaintiff's amended complaint in the related case and ordered it served,

25    the Court reviews only the claims Plaintiff is seeking to assert against 24 Hour Fitness and Tyler

26    Eklund.

27
28

United States District Court
Northern District of California

## II.     BACKGROUND

In his amended complaint, Plaintiff asserts three claims against Defendants Tyler Eklund and 24 Hour Fitness: 1) a claim under 42 U.S.C. § 2000a, which prohibits discrimination or segregation in certain places of public accommodation; 2) a claim under 42 U.S.C § 1981, which guarantees to all persons equal rights with respect to making and enforcing contracts; and 3) a claim under California's Unruh Civil Rights Act.  Plaintiff has dropped his claims under 42 U.S.C. §§ 1983 and 1985, as well as his claims for conspiracy and "intentional tort."  The amended complaint includes new allegations in support of his claim that Defendants acted with discriminatory animus based on his race (as well as the factual allegations that were contained in the original complaint, which the Court summarized in its previous order and does not repeat here).  In particular, he alleges that he and his son were the only African Americans in the pool area at the time of the relevant events, that the white manager (Eklund) called 911 after another white patron complained about him, even though he was merely coaching and encouraging his son in his swimming lesson and was not being any louder than other white patrons, who were not subjected to similar treatment.  As in his original complaint, he also alleges that Eklund acted in a manner that was "demeaning and racially insensitive" when he spoke to Plaintiff.

## III.    ANALYSIS

### A.    Legal Standard

If a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is permitted to proceed in forma pauperis, the court must undergo a preliminary screening of the complaint and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim for relief, Plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When reviewing the sufficiency of the Complaint, the Court takes "all allegations of material fact as true and construe(s) them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). The "tenet that a court must accept a complaint's allegations as true," however, "is inapplicable to . . . mere conclusory statements."

United States District Court
Northern District of California

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).  The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 547).  Complaints filed by *pro se* litigants must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B.   42 U.S.C. § 2000a

Title II of the Civil Rights Act of 1964 prohibits discrimination based on race, color, religion, or national origin in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation." 42 U.S.C. § 2000a(a).  A "place of public accommodation" includes a "place of . . . entertainment." 42 U.S.C. § 2000a(b)(3);  *see also  Isbister v. Boys' Club of Santa Cruz, Inc*., 40 Cal. 3d 72, 80 (1985), as modified on denial of reh'g (Dec. 19, 1985) ("Title II has been applied to private, nonprofit recreational organizations which offer memberships to the public at large and exclude only a particular class of persons protected by the statute).   A private individual may only obtain injunctive relief under Title II; Title II does not authorize a claim for money damages. 42 U.S.C. §§  2000a-2, 2000a-3; *see also Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir.2002).  A plaintiff seeking injunctive relief based on an alleged past wrong must demonstrate a "real and immediate threat of repeated injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983).

Plaintiff has alleged sufficient facts to support his claim under 42 U.S.C. § 2000a because 24 Hour Fitness is a "place of entertainment" and Plaintiff alleges that he and his son were excluded from the club based on race.  He has also alleged specific facts in support of his allegation that Defendants' conduct was racially motivated, as discussed above.  While Plaintiff may or may not be able to demonstrate that there is a "real and immediate threat of repeated injury," the Court concludes that Plaintiff's allegations are sufficient to support a plausible inference that there may be such a threat and therefore, that they  are sufficient to meet the requirements of Section 1915.

United States District Court
Northern District of California

1

**C.    42 U.S.C. § 1981**

2

Section 1981 provides, in relevant part, as follows:

3

4

5

6

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

7

42 U.S.C. § 1981(a).  A claim under § 1981 may be based on "nongovernmental discrimination"

8

or "impairment under color of State law."   To prevail on a § 1981 claim, a plaintiff must

9

demonstrate "intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341,

10

1344 (9th Cir.1989).   Plaintiff has alleged that he was a member of 24 Hour Fitness but was

11

singled out on the basis of race and excluded from the club, whereas white patrons were not

12

subject to similar treatment.  Plaintiff also has alleged sufficient facts to support an inference of

13

discriminatory intent.  These allegations are sufficient to survive the Court's review under Section

14

1915.

15

**D.    The Unruh Act**

16

Under the Unruh Civil Rights Act, all citizens are entitled to "full and equal

17

accommodations, advantages, facilities, privileges, or services in all business establishments of

18

every kind whatsoever" regardless of their race.  Cal. Civ. Code § 51(b).  In the Court's previous

19

order, it found that Plaintiff had not alleged sufficient facts to show intentional discrimination, as

20

is required under the Unruh Act.  *See Henry v. Bank of Am. Corp.*, No. C 09-628 CRB, 2010 WL

21

431969, at *6 (N.D. Cal. Feb. 2, 2010).  As noted above, the Court finds that in his amended

22

complaint, Plaintiff has alleged sufficient facts to support an inference of discriminatory intent.

23

Therefore, this claim survives the Court's review under Section 1915.

24

**IV.    CONCLUSION**

25

For the reasons stated above, the Court finds that Plaintiff's amended complaint is

26

sufficient under 28 U.S.C. § 1915(e).  Accordingly, the U.S. Marshal shall serve on Defendants

27

the amended complaints in Case No. C-15-4799 [Dkt. No. 11] and Case No. C-15-4802 [Dkt. No.

28

9], a copy of this Order, the order relating cases, as well as all scheduling orders in this case.  A

4

Case Management Conference in both of the related cases is set for May 20, 2016 at 2:00 pm.

**IT IS SO ORDERED.**

Dated:  February 17, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge